**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| JASON JULIAN LOPEZ-ESCAMILLA,<br><br>Petitioner,<br><br>v.<br><br>PATRICK CONTRERAS, *et al.*,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 9:26-cv-954-JDK |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

In October 2026, U.S. Immigration and Customs Enforcement detained Jason Julian Lopez-Escamilla under 8 U.S.C. § 1225(b)(2)(A) pending removal proceedings. Now before the Court is Jason Julian Lopez-Escamilla's habeas petition under 28 U.S.C. § 2241, which seeks immediate release or, alternatively, a bond hearing. Docket No. 1. For the reasons set forth below, the Court **DENIES** the petition.[1]

To the extent Petitioner argues that he is entitled to relief by statute, the argument is foreclosed by *Buenrostro-Mendez v. Bondi*, which held that § 1225(b)(2)(A) mandates the detention without bond of unadmitted aliens like Petitioner for the duration of their removal proceedings. 166 F.4th 494, 508 (5th Cir. 2026). Petitioner's argument under the Fifth Amendment's Due Process Clause is also foreclosed by recent precedent. *See Rodriguez v. Vergara*, 2026 WL 3181188, *14

[1] A district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After a careful review of the petition, the Court determines that an answer from Respondents is unnecessary. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).

(5th Cir. Oct. 23, 2026) (en banc) (holding that mandatory detention under § 1225(b)(2)(A) does not violate one's Fifth Amendment right to due process). Finally, Petitioner's additional arguments are unavailing. *See Chi v. Warden, Bluebonnet Det. Facility*, 2026 WL 1062625 (N.D. Tex. Apr. 13, 2026).

Petitioner further argues that he is not subject to § 1225(b)(2)(A) because he previously entered the United States and was issued an I-94 entry document with parole. Docket No. 1 at 2. But as Petitioner admits, he soon after "was charged as removable under INA [§] 212(a)(7)(A)(i)(I) as an alien who at the time of application for admission is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act." *Id.* The Immigration and Nationality Act classifies aliens under that provision as "inadmissible" or "ineligible to receive visas and ineligible to be admitted to the United States." *See* 8 U.S.C. § 1182(a), (a)(7)(A)(i)(I). Petitioner therefore remains an applicant for admission and is subject to mandatory detention under § 1225(b)(2)(A). *See Rosales v. Tate*, 2026 WL 3270038, at *1 (S.D. Tex. Oct. 30, 2026) (considering a Petitioner in the same circumstance as still subject to mandatory detention).

Accordingly, the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **4th** day of **November, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE